**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-20590-KMM/LOUIS

MOHAMMAD ZARE TABIBI,

    Petitioner,

vs.

ALEJANDRO MAYORKAS, et al.,

    Respondents.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon Respondents' Motion to Remand Petitioner's N-400 Application for Naturalization to the United States Citizenship and Immigration Services ("USCIS") (ECF No. 4). This matter was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters (ECF No. 3). Having considered Respondents' Motion to Remand, Petitioner's Response (ECF No. 5), Respondents' Reply (ECF No. 6), and the record as a whole, the undersigned **RECOMMENDS** that Respondents' Motion to Remand be **GRANTED**.

Petitioner filed a petition pursuant to 8 U.S.C. § 1447(b) seeking a hearing on his delayed naturalization application (ECF No. 1). While "[t]he Attorney General has the 'sole authority to naturalize persons as citizens of the United States,' . . . an applicant for naturalization may petition a district court for a hearing on the application if the USCIS fails to make a determination on the application 'before the end of the 120-day period after the date on which the examination is

1

conducted." *Matveev v. Swacina*, No. 07-21699-CIV, 2007 WL 9703127, at *1 (S.D. Fla. Nov. 15, 2007) (internal citations omitted).

On March 14, 2019, Petitioner appeared at the USCIS Field Office in Hialeah, Florida for an interview on his Form N-400 (ECF No. 1 at 5). The Court notes that USCIS has failed to make a determination on his application within 120 days following his interview. On February 12, 2021, Petitioner requested that the Court exercise its jurisdiction to adjudicate his pending application for naturalization. Nevertheless, Respondents request that the Court remand this matter and allow USCIS to complete the adjudication of Petitioner's application for naturalization (ECF No. 4). Specifically, Respondents move for remand because the determination of Petitioner's good moral character, an element of eligibility for naturalization, depends upon a criminal investigation of Petitioner that is still in progress.[1]

Upon review of the record and applicable law, the undersigned recognizes that although the Court may determine the matter, remand is appropriate. *See Al-Atiyeh v. Swacina*, 650 F. Supp. 2d 1244, 1247 (S.D. Fla. 2009) (explaining that § 1447(b) "expressly confers the Court with the ability to determine . . . or remand the matter") (internal quotations omitted). USCIS is charged with deciding naturalization applications and is best equipped to handle immigration matters. *See* 8 U.S.C. § 1446(a); *see also Mattevi v. Swacina*, No. 14-22621-CIV, 2015 WL 1643026 (S.D. Fla. Apr. 9, 2015) (following a majority of courts that have remanded similar cases back to USCIS for a final determination).

At the same time, the undersigned recognizes that Congress intended 8 U.S.C. § 1447(b) to provide petitioners with a remedy for adjudicative delays. To remand this case without setting

---

[1] Petitioner is the target of a federal health care fraud investigation that spans conduct over the course of several years (ECF No. 6 at 2). USCIS contends that they are aware of the investigation and have withheld adjudication of the naturalization application pending conclusion of the criminal investigation. *Id*. USCIS also notes that "Petitioner has not been arrested, indicted, or convicted of health care fraud" (ECF No. 4 at 4).

a specific time limit for a determination would render § 1447(b) powerless. *See Silebi De Donado v. Swacina*, 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007) (remand was an appropriate remedy as petitioner would not suffer excessive hardship, since she would be able to continue her status as a legal permanent resident, and imposition of a time limit complied with Congressional intent to provide a remedy for adjudicative delays). Accordingly, the undersigned respectfully **RECOMMENDS** that Respondents' Motion to Remand (ECF No. 4) be **GRANTED** and that the Court order Respondents to make a determination on Petitioner's application for naturalization within **120 days** from the date of the Order.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** on the 30th day of August, 2021, at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

3